Next case this morning is 23-2011 United States v. Yellowhorse. Counsel for appellant, if you'd make your appearance and proceed, please. Good morning, your honors. My name is Emil Keeney and I'm with the U.S. Attorney's Office in Albuquerque. We're here today because we're appealing the district court's order excluding certain statements made by a co-defendant, Timothy Chistchilly, to his family members shortly after the death of the victim that occurred in this case. And our contention is that the district court erred by excluding those statements under Rule of Evidence 804b3a, finding that they were not self-inculpatory. We think his ruling was an error of law because he interpreted the Supreme Court's decision in Williamson and this court's decision in Smalls as precluding the admission of any mention of Ms. Yellowhorse in his statements. The statements we believe, there's three kinds of statements that we were asking to admit and each of them is self-inculpatory. Can I ask you, when you say asking to admit, what exactly, what exact disposition are you asking for in our instructions? If we reverse, are you saying, panel, remand with instructions to admit the excised portions of 1, 4, and 5? Are you saying, as they did in Smalls, there was an error of law, I want you to revisit the first thing that you said, that these statements be admitted. And the reason for that is that these statements are nearly identical to the kind of statements that this court said in Smalls were undoubtedly against the declarant's penal interest. So, for example, at page 785 of Smalls, you'll see a statement where this court described his statement, the declarant's statements there that he held down the victim's feet while someone else held his hands and that someone else choked him to death. And this court said that's undoubtedly against his penal interest. Well, that seems inconsistent with your argument that this is a legal error. I mean, if this is a legal error at the threshold of essentially the district court saying, to the extent that the statement mentions the defendant, then it is not a statement that is self-incriminating and therefore it should be excluded, full stop. Well, the court is then not engaging in a 4 or 3 balancing. The court is not doing any of that. And those things need to be done. And I don't think we're the body that is situated to do that. So if it is in fact a legal error, then why wouldn't it be appropriate to remand, to let the court decide whether these But we think these statements are so similar to the ones that this court specifically said were undoubtedly against the declarant's penal interest that that's not necessary. But you do have that discretion. I don't disagree with that. Well, Appendix 47, let's try this statement. It says that Mr. Ciccilli, is that? Ciccilli, I think. Statement that Yellowhorse used a sledgehammer or mallet to bludgeon Doe. He's not mentioned in that statement. That's one of the statements that's in the motion in limine. The defendant is mentioned as being an act or he, the declarant, is not mentioned as doing anything at all. So why is that statement a statement that is self-incriminating of the declarant? Well, I think it's similar to the statements in Smalls. What the declarant said there is, I held. No, no. The declarant said he did something. The declarant held in a murder. In this statement, all the declarant said is she did something. Right. But he's also saying I held her down while she did it. There are individual statements that are listed in the motion in limine on that page. That's correct. And presumably the desire is to view those statements individually, then we have to decide whether that, do we not, and I'll frame it as a question. Do we have to decide whether that individual statement is incriminating? Yes. And if we have to decide that in a statement in which he says nothing, the declarant says nothing about his conduct, but speaks of only the defendant's conduct, what is incriminating about that? It is not like Smalls in the sense that he said he did something. It is a statement that she bludgeoned Doe. Right. If you regard that as the statement itself, then yes, I think you'd be correct. But he does make other statements that we're trying to admit that I held her down and that we killed her. And I held her down while she delivered this blow at her head. No, I get that. But what I'm saying is if what we're talking about here is making a determination of whether the district court committed legal error, then it seems to me, and let me ask this, it seems to me the rule that suggests that the district court committed legal error would be one which essentially says district court, you misread our precedent and a categorical bar to admission of a statement if that statement mentions the defendant, if the declarant mentions the defendant. Legal rule. Okay. Well, in that sense, would it not then be appropriate to remand and let the court decide whether these statements individually come in? And frankly, if we were going to make any judgment about these statements, based upon what you're saying, I don't see any reason that that one statement is admissible at all. It's not self-incriminatory. Well, the district court might disagree with us on that. Okay. In that instance, remand might be appropriate, right? Yeah, it might be. You have the discretion to do it. And I recognize that in Smalls, that's what happened. I recognize that's what in Williamson, that's what happened. We thought that these statements were sufficiently similar to Smalls. But if you disagree with that, we're much happier with the remand than with the deferments. But you do agree that that is the legal rule that you would be seeking, right? Essentially, that the rule that results in error here is one that says, you district court erred in categorically barring these statements on the premise that the mention of the defendant is enough to exclude, to make them not self-incriminating. That's correct. Okay. Yes, sir. We also think that there's no alternative basis for affirmance here with respect to the corroborating circumstances. The district court did reach those and with, except for one, he found all of those weighed in our favor. The one he did not reach was Yellow Horse's own admissions, the ones where she tells Mr. Chischilly, why did you tell them that we did this? I don't think that makes it any better for her if the district court reconsiders that as well. I think one of the arguments that the defense has raised in their briefing is that, well, don't his inconsistent statements later on detract from the credibility of his statements and the corroborating circumstances? And our answer to that would be that that's something a district court can consider and the district court did consider here. It declined to give them much weight as compared to his the district court's discretion. Also, the district court's decision on that point was a reasonable one. Here we have some very strong corroborating circumstances, physical evidence, for example. Mr. Chischilly described to his family members how the murder occurred and upon examination and searches of the residence and the neighboring fire pit and the other locations to which agents were taken to, they found burned body parts, just as Mr. Chischilly said. They found nails in the floor of his residence, just as he said. They found the victim's DNA at nearby one of those holes, just as he said. And then, of course, we have Ms. Yellow Horse's admissions as well, so we think the district court's decision was correct. Does it matter at all in the legal calculus as it relates to the legal error that we've been talking about? Does it matter at all the relative incrimination of the declarant and the person that is named? And more specifically, does Williamson express some concern about those cases in which the statement of the declarant actually shifted blame to the defendant and therefore it really, in that sense, would be viewed in some ways as not being self-incriminating at all? So let's assume for the moment you had a situation where the declarant said, well, you know, that person is 99 percent guilty and I'm 1 percent guilty. Would that statement still be one that would be deemed, in your view, to be self-incriminating and subject to being admitted? It might pass the legal threshold, but I think there that's where the district court's discretion in determining whether it was truly self-inculpatory would come in. There, if you had someone saying someone else is 99 percent responsible and I'm 1 percent responsible, I think the district court might reasonably view that as attempting to shift blame. But I think we are well on the other side of, we're well on the right side of the line. Here, Mr. Chischilly admitted that he nailed a woman to the floor. He admitted that he helped Miss Yellowhorse kill her. This isn't a case, he's admitting things that I think anyone, you don't have to be a legal scholar to understand that if you admit things like that and if you did things like that, you're in serious trouble. So, and this is, and I would point out that this is the same situation or very similar to the same situation of the Declarent and Smalls. He said, I'm not the one who choked them, but I held them down while the choking was done. So we think we're well on the side of the line, but just to answer your question, the district court, even if something is technically self-incarceratory, a district court could also exercise its discretion and determine whether the person was nevertheless attempting to shift blame. And it might presumably affect the 403 balancing too. I'm sorry? It presumably might affect the 403 balancing too, right, as it relates to such a 99.1 percent statement. That's correct as well. It could definitely affect that. I did want to address unavailability. The district court found that Mr. Chisholm was unavailable. I don't have anything in the record where he says he's going to assert his Fifth Amendment privilege, but the district court believed that he was likely to do so. I think any competent lawyer would advise him to do that. Unless the court has any questions, I'd like to save the rest of my time for rebuttal. Thank you all. Good morning. My name is Kari Bahala. I represent Nostello Horse in this case. May it please the court. I think that the court was on the right track with the questions about the blame shifting issue. And I don't think that there was an error of law here, because I think that that's the reason the court decided that those statements were not individually self-inculpatory. Well, that's exactly what Judge Baldock dealt with in Smalls, where the defendant had not been the one to hold the bag over the decedent, had been the one to actually kill the person. And the panel, I think, basically applied Justice Scalia's concurrence in Williamson to say that just because another party is implicated in one's confession doesn't diminish the self-inculpatory nature of what the defendant had said. And how can we possibly distinguish Smalls? I think that Smalls is very distinguishable for several reasons. One, the district court was applying Roberts to guide his decision, which was not the appropriate law to consider at the time. And two— So I want to make sure that I understand the legal significance of that. Are you saying that Smalls is no longer precedential because it's been vitiated, overcome by an intervening Supreme Court decision? No. I'm saying that the court was looking at it from a different angle in the beginning and at the outset than we're looking at it right now. And I also think that what happened in Smalls was that it was a per se exclusion. The court didn't go through the analysis of looking at each statement and weighing which one was admissible and which one wasn't because which one was against interest and which one wasn't. That was the problem. That's not what we have here. The court painstakingly went through the analysis of which portions were admissible and which portions were not and made decisions based on which statements the court felt were inculpatory or not inculpatory given the totality of the circumstances. You go ahead, Jim. Didn't the court use the same legal lens, though, in making its determination as to the individual statements? That legal lens being whether they mentioned the defendant, whether the declarant mentioned the defendant in the statements. I think that's true. I think they were looking at that issue, yes. Well, then why isn't that, why isn't at bottom what we're dealing with here a question of legal error? Whether the court individually looked at the statements or not, if the predicate for its individualized analysis was a legal error, was a lens that was inaccurate or inappropriate, then that's where things stop, right? I think I was, you're talking about in the instant case, not in Smalls, correct?  Yeah, I don't think that that's, I think what Williamson requires and what Smalls requires, or I'm going to answer this in two parts. One, I think that the court has to decide are these statements self-inculpatory or not? And part of that analysis necessarily involves the statement, the circumstances in which the statement was made, the totality of the that sometimes, and most of the time, that corroboration requirement is almost merged with the analysis of whether or not the statements are individually self-inculpatory. And I think in this case, and I think that the district court did that in this case, because if you look at the hearing, if you look at the transcript of the hearing, the court went through that analysis when determining whether or not those statements were individually self-inculpatory. And if you're in volume one, on appendix number 92, one of the things that we were arguing about was the nature of the relationship between Mr. Shisholi and his family, and whether or not that lent the statements more credibility or less credibility. And the court said, I guess it goes both ways, though. Because he's admitted these things to his family, he may want to minimize his role by implicating someone else. I mean, that's something that I had thought of when I was reading this. Because I also understand the real issue here is going to be the third element, corroborating circumstances. But you think, talking to Mr. Mendenhall, the government, he was making these statements to his family members, he was more inclined to be truthful. Even with regard to what Ms. Yellowhorse may have done, Mr. Mendenhall said, yes, your honor, I do. The court explicitly rejected that argument in its holding. And so I think that when you look at whether or not a statement is individually self-inculpatory, it necessarily and inherently involves an analysis of the corroborating circumstances. Are you saying, then, that when the court excluded the statements here, it did not, and I don't doubt the court engaged in statements and looked at some other factors, but are you saying that the court did not exclude certain statements simply because they mentioned Ms. Yellowhorse? The court cited De Leon, which adopted that same premise in the district court of saying that if a statement mentions the defendant, then that statement of the declarant cannot be deemed to be self-inculpatory. That's what I understood the court to do. Are you saying it did not do that? It's my position that I don't think that's what the court did. I'll be candid. I wish the order was a little bit longer to give a little more context to the decision. But I also think that if you go back and read the questions that the court was asking at the hearing on the record and look at the analysis that was going on at the hearing during the record, that's exactly what the court was doing. You go ahead. You finish. Okay. The other thing I want to get to you is even if the court applied an incorrect legal standard, which I don't think it did, I'm not conceding, there is an alternative basis for affirmation. Let me stop you first. Are you the court did not view as being a threshold bar? In other words, being determinative, whether the defendant was mentioned or not? I don't think so. Okay. So the defendant could be mentioned and then the court would still go on to engage in analysis of determining whether under the appropriate factors, this statement should be excluded or not. Correct. And I think that's what the court did at the hearing. Before you go to your alternative argument to affirm, I want to test your answer to the chief. Page five of the order. And by the way, when you refer to the questions that the judge asks, we ask all sorts of questions. I assume that the district judge is trying to figure out what's legally correct, what he poses questions. That's all we ever try to do. We're trying to figure it out, not answer the questions. But on page five, he says, although Chilly's statements to his family were self-inculpatory in the aggregate, the statements also implicated defendant Yellowhorse. Under Williamson and Smalls, this court must find that any portions of Chilly's statements that implicate Yellowhorse are not admissible under Rule 804. How do you interpret that? Or if there's something else that it seemed to me that I read that language pretty unequivocally to say, if it mentions Yellowhorse, it's not self-inculpatory. I think that you have to go back and look at the record. I would refer you to page 95 of the appendix in volume one. And I think that that, I don't think that the court can only consider what's in the district court's order. The district court had a humongous record in front of it. We litigated five motions on the same day that we litigated this motion to admit Mr. Chilly's statements. There was an entire context for the court to consider and to analyze in reaching this decision. And the court also correctly asked the right questions about corroborating circumstances at the hearing that were set out in Lozado and in Hammers, which are two Tenth Circuit cases from here, Your Honor, where basically the court is, one of the things that the court can consider when determining corroboration is the nature of relationship and whether or not those statements implicate someone else in a way that's blame-shifting. What's interesting here is the court specifically asked questions about the relationships between the parties, about how Mr. Chisholm's family members downplayed his involvement to the FBI, which they did in this case. And I also think you have to take that specific statement, when you're looking at the specific statements and you've got the we killed her statement, you have to look at the whole entirety of the statements. And I would just want to bring out a couple that the court considered at the hearing. Jennifer Shishley reported that Yellow Horse was a bad influence. And it was only until Shishley, Timothy Shishley met Yellow Horse that he began a life of alcoholism. Yellow Horse was the one who killed her, not Shishley. That was her statement. Matisha Anderson said, ever since he got with Stacy, Shishley's been doing crazy stuff. He didn't do the bad thing. It was Stacy who killed her. Shishley only held her down. They viewed those statements not as self-incriminatory statements, but as exculpatory statements. And yet in Smalls, Judge Baltuck seemed to do exactly the opposite. The panel seemed to say that because the defendant in Smalls had not been the one to hold the bag over the decedent, hadn't been the one to kill the person, that the defendant had held the person down. And therefore, he said, the bulk of all of the statements implicating the other two inmates were generally self-inculpatory. Right. And instead of going through and picking out which statements needed to be left in and which statements needed to be left out, he threw out the whole thing. Well, what about this, you know, what the judge characterizes as the first statement, Shishley's statement that he and Yellow Horse killed the victim. How in the world can he defend excising and Yellow Horse? If I say Chief Judge Holmes and I killed X, how can a court say, well, when I refer to the chief, that's not self-inculpatory. You can only include what I had self-incriminated myself about when I'm saying he did exactly what I did. I think that the problem that you bring up is exactly why we have to let district courts have the discretion to deal with this. This is complicated. It is fact intensive. It requires an analysis of the entire record. And it's not easy. You know, there's a really good quote in Hammers. And it is, although reasonable minds can differ, the trial court's findings were supported by their record. There was no abuse of discretion. Even assuming that the statement in Hammers was inculpatory under 804b3, we can't find the district court abused its discretion. And so I think that it's a tough call sometimes. And you can come up with a million different scenarios as to why this part should be admitted and why that part shouldn't be admitted. But what it really comes down to is an abuse of discretion. Well, there's an able district court judge here. And the concern I have is simply that the way this played out, he truncated that complicated analysis that you're talking about or stopped it before it even took place by making a legal determination that any statement, going back to the passage that Judge Bachrach read, any statement that mentioned Ms. Yellowhorse was categorically subject to exclusion. I think we'd be having a different case before us now if we were being called upon to get into the weeds of what the district court did and what the district court didn't in terms of considering corroborating evidence and all that. Consistent with the statement that Judge Bachrach read, he didn't do that. He said, all this stuff is out here, but at the end of the day, I must, that was the word, must exclude these statements because they mention Ms. Yellowhorse. And then that begs the question, is that the legal test? Is that the rule that he must do that? I don't think that's the legal rule. And I think that just focusing on that one sentence in the order doesn't take into account what happened at the hearing and the plethora of other things that the court had to consider. And even if this court finds that there was legal error, it can affirm on other grounds because the record is rife with things that support the exclusion of that particular statement because there were numerous attempts to shift blame onto Ms. Yellowhorse. There were problems with the relationship between the declarant and his family. There were problems with their relationship with Yellowhorse. But let me ask you about that. In order to do this alternative grounds of affirmance, would we not have to get into the weeds of this complicated analysis that you just said is something that is difficult and the district court should do it? I mean, we'd have to do that, wouldn't we, to affirm? I like the quote above you all that said, reason is the soul of all law. And I think that if the court came to a reasonable conclusion, this court can affirm it. I think I'm out of time. Can I ask one more? Sure, of course. Although that's a wonderful quote and very wise. To affirm on alternative grounds on a discretionary determination, wouldn't we theoretically have to conclude that any reasonable jurist would be compelled to exercise his or her discretion to have exercised that discretion in a way to exclude this evidence? In other words, Rule 403, all of these arguments are classic discretionary determinations that we typically relegate to the discretion of the jurist who's in district court. Since the district court didn't exercise his discretion on anything other than corroboration, adversely to your position, to affirm on any of these grounds, wouldn't we have to say that every single reasonable district judge would have been compelled to exercise their discretion to have excluded exactly the same clauses in Statements 1, 4, and 5 that the district court did? No, I think it's any reasonable judge, not all reasonable judges. Even though the district court didn't exercise his discretion on any of the issues that you've I think that the hearing on the record shows that he was using his discretion to make that decision, and it wasn't just a person. Based on all of these? Correct. Well, why did you call it an alternative ground to affirm? Well, I'm saying if the court thinks that there was an error in the application of law, that the determination that the court made was still reasonable. Okay. Does that make more sense? Yes. I'm sorry. No, I understand now. Thank you. Thank you. Appreciate your time. Did you have any rebuttal time? Your Honor, I was just about to say unless the court has further questions for me, I don't have any rebuttal. Do not have any questions. I don't see any. Thank you all very much. Thank you. Case is submitted. Thank you for your fine arguments, counsel.